IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 24, 2015 Session

STATE OF TENNESSEE EX REL. INGER BROWN v. LARRY W. SHIPE, JR.

Appeal from the Juvenile Court for Knox County
No. E-6994      Timothy E. Irwin, Judge

No. E2014-02064-COA-R3-JV-FILED-OCTOBER 29, 2015

The issue presented in this case is whether the trial court erred in its calculation of child support when it omitted from the calculation support due from Larry W. Shipe, Jr. (Father) during a period of time when he was incarcerated. We hold that the Child Support Guidelines, Tenn. Comp. R. & Regs. 1240-02-04-.04(3)(a)(2)(ii)(I) (2008), which provide that "incarceration shall not provide grounds for reduction of any child support obligation," mandate that incarceration does not absolve an individual from his/her obligation to pay child support. Accordingly, we vacate the trial court's judgment and remand for a recalculation of Father's child support arrearage.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court
Vacated; Case Remanded

CHARLES D. SUSANO, JR., C.J., delivered the opinion of the court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

Inger Brown, Knoxville, Tennessee, appellant, pro se.

Larry W. Shipe, Jr., Knoxville, Tennessee, appellee, pro se.

Herbert H. Slatery III, Attorney General and Reporter, and Rebekah A. Baker, Senior Counsel, Nashville, Tennessee, for the appellee, State of Tennessee ex rel. Inger Brown.

OPINION

I.

On April 16, 2014, the State of Tennessee, on behalf of Inger Brown, the grandmother and legal custodian (Grandmother) of Father's minor child, filed a petition to set the child support obligation of Father. The state is providing child support

enforcement services to Grandmother pursuant to Title IV–D of the Social Security Act, 42 U.S.C. § 651 *et seq.*, and Tenn. Code Ann. § 71-3-124(c) (2012). On June 23, 2014, a hearing was held before the child support magistrate. Both Grandmother and Father were present at the hearing. The magistrate set Father's child support obligation at $299 per month and awarded retroactive support from August 2007 until June 2014, but excluded from the calculation the time Father was incarcerated, *i.e.*, January 2009 through April 2013. The magistrate held that the total child support arrearage was $8,149 and ordered Father to pay the arrearage at a rate of $51 per month, for a total prospective child support payment of $350 per month.

Grandmother sought a rehearing by the trial court, arguing that the magistrate erred in excluding, from the calculation of the child support arrearage, the period of time that Father was incarcerated. The trial court entered an order affirming the magistrate's findings and recommendations in all respects. Grandmother timely filed a notice of appeal.

## II.

Our standard of review is de novo upon the record of the proceedings below; however, the record comes to us with a presumption of correctness as to the trial court's factual determinations, a presumption we must honor unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); ***Wright v. City of Knoxville***, 898 S.W.2d 177, 181 (Tenn. 1995). There is no presumption of correctness as to the trial court's legal conclusions. ***Kendrick v. Shoemake***, 90 S.W.3d 566, 569 (Tenn. 2002); ***Campbell v. Fla. Steel Corp.***, 919 S.W.2d 26, 35 (Tenn. 1996). "Setting child support . . . is in the sound discretion of the trial court and will not be disturbed on appeal in the absence of an abuse of discretion." ***State ex rel. Laxton v. Biggerstaff***, No. E2009-01707-COA-R3-JV, 2010 WL 759842, at *2 (Tenn. Ct. App. E.S., filed Mar. 5, 2010) (citing ***State ex rel. Vaughn v. Kaatrude***, 21 S.W.3d 244, 248 (Tenn. Ct. App. 2000)).

## III.

Grandmother argues that the trial court erred by not charging Father with child support during the approximately fifty-one months he was incarcerated. The state agrees with Grandmother's position, asserting in its brief that "[t]he language of Tennessee's child support guidelines, Tennessee case law, sound public policy, and persuasive authority all support a finding that a parent should not be excused from supporting [his or her] children during a term of incarceration."

The Child Support Guidelines, as amended in 2008, provide, in pertinent part, as follows:

> [D]etermination of willful and/or voluntary underemployment or unemployment is not limited to choices motivated by an intent to avoid or reduce the payment of child support. The determination may be based on any intentional choice or act that adversely affects a parent's income. *Criminal activity and/or incarceration shall not provide grounds for reduction of any child support obligation*. Therefore, criminal activity and/or incarceration *shall* result in a finding of voluntary underemployment or unemployment under this section, and child support shall be awarded based upon this finding of voluntary underemployment or unemployment.

Tenn. Comp. R. & Regs. 1240-02-04-.04(3)(a)(2)(ii)(I) (emphasis added). In *Laxton*, this Court, addressing an incarcerated parent's request "that child support payments be suspended or reduced until such time that he is released from prison," reviewed the history of this issue in Tennessee, stating:

> Under Tennessee law, there is no presumption that a parent is willfully or voluntarily underemployed or unemployed. *In re K.O.*, No. M2007–01262–COA–R3–JV, 2008 WL 3069777, at *4 (Tenn. Ct. App. M.S., July 31, 2008). The party alleging that a parent is willfully or voluntarily underemployed or unemployed carries the burden of proof. Tenn. Comp. R. & Regs. § 1240–2–4–.04(3)(a)(2)(ii) (2008).
>
> *In State ex rel. C.M. v. L.J.*, No. M2005–02401–COA–R3–JV, 2007 WL 1585170, at *2 (Tenn. Ct. App. M.S., May 31, 2007), the sole issue was "whether a parent who is incarcerated for the commission of a crime is willfully or voluntarily unemployed for purposes of child support." This court held:
>
>> Before the 2005 amendments [to the Tennessee Child Support Guidelines], the courts declined to hold that the commission of a crime, without more, that resulted in the parent's incarceration, was sufficient to sustain a finding of willful or voluntary unemployment. *See Pennington v. Pennington*, No. W2000–00568–COA–R3–

3

CV, 2001 WL 277993, at *4 (Tenn. Ct. App. March 14, 2001). The ***Pennington*** court declined to find Mr. Pennington voluntarily unemployed as a result of the act leading to his incarceration, reasoning:

"Mr. Pennington did not intend to become incarcerated and unemployed when he made the choice to use cocaine; thus, the record does not support a finding that Mr. Pennington was willfully and voluntarily unemployed." ***Pennington***, 2001 WL 277993, at *4; *see also* ***Coates v. Coates***, No. M2001–01928–COA–R3–CV, 2002 WL 31528512 (Tenn. Ct. App. Nov. 15, 2002); ***Johnson v. Johnson***, No. M2003–00866–COA–R3–CV, 2004 WL 2218478 (Tenn. Ct. App. Oct. 2, 2004). . . .

***Pennington*** and its progeny clearly state that a parent is not willfully or voluntarily unemployed as a result of the act leading to incarceration. Thus, the question is whether the 2005 amendments to the regulations supplant ***Pennington*** and its progeny. We have determined they do not. Our determination is based on two factors.

First, we note the language in the 2005 regulations is merely permissive. Instead of using mandatory terminology, the 2005 amendments are based upon the permissive phrases "can be" and "is not limited to." . . .

The second factor in our determination is that the State has the burden of proof.

Based upon the foregoing analysis, we conclude that without other evidence, direct or circumstantial, of willful or voluntary underemployment or unemployment, the mere fact a parent is incarcerated for committing a

crime is insufficient to sustain a finding that the commission of the crime constitutes a willful or voluntary attempt to be underemployed or unemployed for purposes of child support. . . .

Last year, in the context of a termination of parental rights case, another panel of this court in *In re C.T.B*., No. M2009–00316–COA–R3–PT, 2009 WL 1939826 (Tenn. Ct. App. M.S., July 6, 2009), found "the reasoning employed [in *Pennington* and *State ex rel. C.M. v. L.J.*] . . . to be persuasive. . . ." *Id.* at \*5.

\*      \*      \*

The question of whether incarceration provides grounds for reduction of support was also raised in *Langford v. Langford*, No. M2007–01275–COA–R3–CV, 2008 WL 4367576 (Tenn. Ct. App. M.S., Sept. 23, 2008). In *Langford*, . . . . [w]e held that "Father's imprisonment does not automatically work to terminate his duty to support." *Id.* at \*2. . . .

Child support in this state is governed by Tenn. Code Ann. § 36–5–101 (Supp. 2009). "In making [its] determination concerning the amount of support . . . the court shall apply, as a rebuttable presumption, the child support guidelines, as provided in this subsection. . . ." Tenn. Code Ann. § 36–5–101(e)(1)(A). "Child support guidelines have been promulgated by the Tennessee Department of Human Services and adopted by the General Assembly. The purposes, premises, guidelines for compliance, and criteria for deviation from the guidelines carry what amounts to a legislative mandate." *Barnett v. Barnett*, 27 S.W.3d 904, 906 (Tenn. 2000) (citing *Nash v. Mulle*, 846 S.W.2d 803, 804 (Tenn. 1993)).

The guidelines have been revised and directly address the question of whether support should be reduced based upon incarceration. The guidelines provide specifically that

> . . . [c]riminal activity and/or incarceration shall not provide grounds for reduction of any child

5

support obligation. Therefore, criminal activity and/or incarceration shall result in a finding of voluntary underemployment or unemployment under this section, and child support shall be awarded based upon this finding of voluntary underemployment or unemployment.

Tenn. Comp. R. & Regs. § 1240–2–4–.04(3)(a)(2)(ii)(I) (2008). The cited section does not contain permissive language as discussed in our prior opinions on this subject. Rather, the term "shall" is utilized. In our view, the guidelines' use of that term leaves the trial court with no discretion. *See, e.g., Barnett*, 27 S.W.3d at 906 (citing, *e.g., Louisville & Nashville R. Co. v. Hammer*, 191 Tenn. 700, 236 S.W.2d 971, 973 (Tenn. 1951) (holding use of "shall" in statute requires mandatory compliance)).

*State ex rel. Laxton*, 2010 WL 759842, at *2-5 (brackets in *Laxton*; some internal citations omitted); *see also Meeks v. Meeks*, No. M2013-01203-COA-R3-CV, 2014 WL 931241, at *4 (Tenn. Ct. App. M.S., filed Mar. 6, 2014) ("The Guidelines squarely address the question of whether child support should be reduced based upon criminal activity. . . . [Their] use of the term "shall" requires mandatory compliance.").

We continue to adhere to our views expressed in *Laxton*. The Child Support Guidelines and applicable precedents are clear and mandatory. Under these authorities, we must remand this case to the trial court for a determination of the appropriate amount of Father's child support arrearage, including the amount due during the period of time Father was incarcerated.

IV.

The judgment of the trial court is vacated and the case remanded for a recalculation of Father's child support arrearage and payment of same, consistent with this opinion. Costs on appeal are assessed to the appellee, Larry W. Shipe, Jr.

_____
CHARLES D. SUSANO, JR., CHIEF JUDGE

6